**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 95-5625

JOHN DARRELL T. HARTMAN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-95-10)

Submitted: March 22, 1996

Decided: April 8, 1996

Before WILKINS and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah S. Roe, MCDERMOTT, ROE & JONES, Hampton, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Alan M.
Salsbury, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Darrell T. Hartman was convicted by a jury of three counts of theft of government funds, 18 U.S.C.A. § 641 (West Supp. 1995), and was sentenced to a term of nine months imprisonment. Hartman appeals his conviction and sentence. We find that Hartman was denied the assistance of counsel during an overnight recess in violation of his right guaranteed by the Sixth Amendment and we therefore reverse his conviction.

From 1987 to 1992, John Darrell T. Hartman was vice president and treasurer of Community Living Homes, Inc., which owned six nursing homes in the Tidewater area of Virginia. Hartman's own company, Community Living Services, Inc., managed the homes. In 1988, Hartman entered into a fiduciary agreement with the Department of Veterans Affairs (VA) by which he was authorized to receive veterans benefits for Mrs. Margaret Horner, a resident of one of the homes. In April 1992, Hartman was fired or voluntarily terminated his association with Community Living Homes and notified the VA that he could no longer serve as the payee for Mrs. Horner. A year later, three VA benefits checks for Mrs. Horner were mistakenly sent to Hartman. He deposited them in a Community Living Homes account, then transferred almost all of the money to a corporation he owned, ostensibly to help settle a dispute with Dr. Henry D. McCoy, the principal shareholder and president of Community Living Homes.

Hartman was charged with three counts of theft of government funds. On the first day of trial, Hartman was in the middle of his direct testimony when the district court recessed for the day. The court instructed Hartman and his attorney not to have any contact during the overnight recess. Defense counsel did not object at the time. However, she objected the next morning, off the record, before Hartman resumed his testimony, and was allowed to confer with Hartman

2

for ten minutes. After both sides rested, the district court noted on the record that he had allowed Hartman to confer with his attorney in accordance with Geders v. United States, 425 U.S. 80, 91 (1976).

Hartman was convicted and sentenced to a 9-month term of imprisonment. On appeal, Hartman contends, among other things, that he was denied the right to counsel during the overnight recess.

In Geders, the Supreme Court held that a defendant has a Sixth Amendment right to consult with his attorney during an overnight recess called while he is giving his testimony, despite the risk of improper coaching by his attorney. In Perry v. Leeke, 488 U.S. 272, 284 (1989), the Court held that the right did not extend to a brief recess which occurs during the defendant's ongoing testimony because in such a brief recess the conversation between the lawyer and the defendant-witness would almost certainly relate only to his testimony. However, the Court reiterated its prior holding in Geders that the defendant has the right to unrestricted access to his attorney during an overnight recess even if it comes in the midst of his testimony. See also United States v. Cobb, 905 F.2d 784, 791-92 (4th Cir. 1990) (under Geders, defendant cannot be prohibited from discussing his testimony with attorney during a weekend recess), cert. denied, 498 U.S. 1049 (1991).

The government argues that Hartman was not denied the right to consult with his attorney because he was allowed the brief conference before resuming his testimony. However, the ten-minute conference permitted just before his cross-examination would not cure the error. It was the kind of brief access to which Perry found that the defendant does not have a right because of the danger of improper coaching. The right secured by the Sixth Amendment is to "unrestricted access . . . for advice on a variety of trial-related matters." Perry, 488 U.S. at 284. Relying on Stubbs v. Bordenkircher, 689 F.2d 1205, 1207 (4th Cir. 1982), cert. denied, 461 U.S. 907 (1983), the government also argues that, in these circumstances, the right to counsel is not denied unless the defendant demonstrates that he wanted to meet with his attorney and was prevented from doing so by the court's order. However, Stubbs is not helpful here because it was decided before Perry; moreover, it involved a relatively short lunch recess. See Perry, 488 U.S. at 272 n.2 (citing Stubbs as one of a variety of views

3

taken by circuit courts before then on the constitutionality of orders barring access to counsel during a trial recess).

Because the circumstances in Hartman's case so closely mirror those in <u>Geders</u>, we find that the district court's order denying Hartman access to his attorney during the overnight recess requires reversal of his conviction. Even if Hartman's attorney did not properly preserve the issue, as the government argues, by not objecting at the time of the ruling and by not objecting to the short consultation granted the next morning, the denial of access was so clearly forbidden under <u>Geders</u> that it constitutes plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725 (1993) (plain error must be obvious under current law, affect substantial rights, and seriously affect the fairness, integrity, or public reputation of judicial proceedings).

We therefore reverse the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED</u>

4