■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant. [642 NYS2d 246] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered April 6, 1994, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of $1^1/_2$ to $4^1/_2$ years, 1 to 3 years, and 1 year, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for proceedings pursuant to CPL 460.50 (5).

There is no basis for disturbing the hearing court's factual findings that defendant consented to a search of his office, and that his consent was not obtained by coercion (*see, People v Prochilo*, 41 NY2d 759, 761). The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495).

The value of the shoes stolen from the complainant and possessed by defendant was properly determined by replacement value, which was stipulated to be over $1,000. Market value was inapplicable because there was no established retail mar-

ket for the items in question, used shoes, and it could not be determined how much the items would sell for in the regular course of business (Penal Law § 155.20 [1]; *cf., People v Irrizari,* 5 NY2d 142, 146; *People v Alicea,* 25 NY2d 685).

Defendant was not entitled to specification in a bill of particulars as to what crime he intended to commit in the premises when he entered unlawfully (*People v Mackey,* 49 NY2d 274, 278-281). In any event, defendant does not deny that he knew from the outset that the People's theory was that he entered complainant's apartment with the intent to commit larceny. We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ.