Charles JONES, Petitioner,

v.

**Dennis VACCO, Attorney General of the State of New York, Respondent.**

No. 96 Civ. 4907 (SAS).

United States District Court,
S.D. New York.

Aug. 15, 1996.

Barry C. Scheck, Jonathan H. Oberman, Cardozo Law School, New York City, for Petitioner.

Gina M. Mignola, Assistant District Attorney, New York County, New York City, for Respondent.

## MEMORANDUM OPINION

SCHEINDLIN, District Judge:

Petitioner Charles Jones, a New York State prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his Sixth Amendment right to counsel was violated when the trial judge ordered him to refrain from consulting with his attorney during a prolonged break in Petitioner's cross-examination.

## I. Factual Background

On April 15, 1993, Petitioner was indicted for unlawfully entering the apartment of his employer, Marla Maples, and stealing various items of her property. He was charged with second degree burglary and fourth degree criminal possession of stolen property in violation of New York Penal Law §§ 140.25(2) & 165.45(1). Because a search of Petitioner's office uncovered a loaded .25 caliber semi-automatic pistol, he was also charged with criminal possession of a weapon in the fourth degree. *See* New York Penal Law § 265.02(1).

After a three-week jury trial before New York Supreme Court Justice Richard Andrias, Petitioner was convicted of all charges. On April 6, 1994, he was sentenced to one and one-half to four and one-half years in prison on the burglary count, and to concurrent lesser sentences on the remaining counts. Petitioner appealed his conviction and the New York State Supreme Court, Appellate Division, affirmed. *See People v. Jones,* 642 N.Y.S.2d 246 (1st Dep't 1996). On June 11, 1996, Petitioner's application for leave to appeal to the Court of Appeals was denied. *See People v. Jones,* 88 N.Y.2d 937, 647 N.Y.S.2d 171, 670 N.E.2d 455 (1996). Petitioner filed this petition on June 27, 1996. Petitioner surrendered to the authorities on June 28, 1996, after bail was denied.

### A. The Ban on Consultation

At trial, Petitioner testified on his own behalf. On Thursday, February 10, 1994, Petitioner was being cross-examined when the trial judge declared an overnight recess. After excusing the jury, the judge issued the following order:

> The Court: All right. Now, Mr. Jones, this is a court order and [applies to] every witness. He [your attorney] is not to speak with you about other than train schedules or anything because you are in the middle of cross-examination. Do you understand that?

Following a brief discussion about other matters, Petitioner's trial counsel, Anthony Morosco, objected to the court's ban on consultation:

Mr. Morosco: I will, your Honor, comply with your order, but also register an exception to it.

When the trial judge expressed confusion about the nature of the objection, Petitioner's attorney clarified to which order his exception applied:

Mr. Morosco: The order that the defendant not discuss the case with his attorney overnight. I most respectfully, we will comply with it, but I take an exception to it.

The proceedings were then adjourned with the understanding that they would continue the following morning.

On Friday, February 11, 1994, a snowstorm struck the New York City area. Although the trial judge, prosecutors, defense counsel and Petitioner were able to get to court, some of the jurors never arrived. Unable to continue with cross-examination, the court adjourned the trial until the following Monday.

The record does not reflect whether, on Friday morning, there was any discussion concerning the court's prior ban on consultation and whether it would continue over the weekend. The only stenographic record of the events that transpired is the single notation that proceedings were adjourned until Monday. *See* Respondent's Memorandum of Law in Support of Answer Opposing Petition ("Resp.Mem.") at 3, n.*. Petitioner contends that the ban was not discussed and that he assumed it remained in effect throughout the weekend. Respondent maintains that Petitioner's attorney mentioned the ban, and that the trial judge expressly lifted it, permitting Petitioner to consult with his attorney over the weekend recess.[1]

B. *The State Appellate Process*

In his brief to the Appellate Division, First Department, Petitioner raised twelve separate issues. In a one-paragraph point, he argued that he had been deprived of his right to counsel by the trial judge's direction that he not "discuss substantive matters with his attorney during the overnight recess." Petitioner's Brief to the Appellate Division at 42, Ex. A to Respondent's Appendix in Support of Answer Opposing Petition ("Resp.Append."). Petitioner's brief did not explicitly assert that the ban had continued throughout the weekend.

In its brief to the Appellate Division, the State conceded that the overnight ban on consultation was error. However, it argued that Petitioner's general objection was insufficient to preserve the issue as a matter of law. Further, the State asserted that the error was cured when the Friday snowstorm prevented the proceedings from continuing the next day. The State noted that the trial judge did not renew his order on Friday, and that Petitioner had not asserted that the ban remained in effect over the weekend. In addition, the State maintained that because Petitioner did not request clarification of the order on Friday, and did not register any objection on Monday, he was procedurally barred from arguing that the order remained in effect over the weekend. In a somewhat surprising alternative argument, the State asserted that Petitioner questioned the ban on Friday. Indeed, the State offered to prove at a reconstruction hearing that "the court expressly granted *defendant's request* to consult with his counsel over the weekend." State's Brief to the Appellate Division at 153 n. **, Ex. B to Resp.Append. (emphasis added).

Although Petitioner did not file a reply brief, he responded to the State's claims in oral argument. Specifically, Petitioner argued that the explicit language of the court's ban precluded attorney-client consultation over the weekend because Petitioner's cross-examination had not been completed.[2] Coun-

---

**1.** Alternatively, Respondent maintains that if Petitioner's version of the facts is correct, Petitioner had an obligation to ask the trial judge whether the ban would remain in effect over the weekend. Respondent contends that Petitioner's failure to seek clarification concerning this matter constitutes a procedural bar to any claim that the continuing ban violated his Sixth Amendment right to the assistance of counsel.

**2.** There is no record of the oral argument before the Appellate Division. However, the State's reply to Petitioner's leave application concedes that Petitioner advanced this claim during oral argument before the Appellate Division. *See* People's Reply to Leave Application at 2–3, Ex. E to Resp.Append.

sel emphasized that the language and purpose of the court's order permitted no other construction.

On May 9, 1996, the Appellate Division, First Department, affirmed petitioner's conviction. The First Department explicitly addressed several of Petitioner's claims, but did not address the alleged denial of his right to counsel. The court held only that this claim was "without merit." *Jones*, 642 N.Y.S.2d at 247.

In his leave letter to the Court of Appeals, Petitioner reiterated the arguments he had made to the Appellate Division: that his Sixth Amendment right to counsel was denied by the trial court's ban on consultation, and that this ban remained in effect throughout the weekend. Petitioner emphasized that there had been no contact between him and his attorney over the weekend recess. On June 11, 1996, Petitioner's application for leave to appeal was denied by Judge Howard A. Levine.

## II. *Discussion*

### A. *Exhaustion*

Respondent contends that Petitioner failed to exhaust his claim that he was denied counsel over the weekend. A claim is exhausted only if it has been "fairly presented" to the state courts. *See Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Id.*

■ Petitioner has satisfied the exhaustion requirement. His brief to the Appellate Division cited the Sixth Amendment and directed the court's attention to the relevant Supreme Court precedents. Although Petitioner's brief referred only to an "overnight"

ban on consultation, Petitioner amplified his claim during oral argument, asserting that the ban extended through the weekend. Petitioner reiterated this claim in his leave letter to the Court of Appeals.

Petitioner thus adequately informed the state appellate courts of both the "factual and legal premises" of his claim. The State's assertion that he has not satisfied the exhaustion requirement is rejected.

### B. *Procedural Default*

■ On appeal, the State argued that because Petitioner did not seek clarification of the trial court's order on Friday, or renew his objection on Monday, he was procedurally barred from asserting that the ban on consultation remained in effect over the weekend. Respondent contends that the state appellate courts adopted this argument in affirming Petitioner's conviction, and that their decisions are therefore predicated on an independent and adequate state procedural ground. State court rulings based on such grounds are not ordinarily subject to federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Respondent's argument is unpersuasive. The First Department explicitly found Petitioner's Sixth Amendment claim to be "without merit." *Jones*, 642 N.Y.S.2d at 247. In such a case, this Court cannot assume that the state court's decision rested on a procedural default, but must assume that the state court considered and rejected the merits of Petitioner's claim.[3] *See Rosenfeld v. Dunham*, 820 F.2d 52, 55 (2d Cir.), *cert. denied*, 484 U.S. 968, 108 S.Ct. 463, 98 L.Ed.2d 402 (1987) (rejecting procedural bar argument where state court held that appellant's claims did "not merit reversal"). Petitioner is therefore entitled to have the merits of his claim reviewed here. *See id.*

---

**3.** Nor is there any reason to believe that the First Department would have affirmed on the basis of the procedural grounds advanced by the State. Petitioner complied with his obligation under New York Criminal Procedure Law ("C.P.L.") § 470.05(2) by registering a specific and timely objection that allowed the court the opportunity to rescind its ruling. He was not required to renew his objection while the order remained in effect. In fact, C.P.L. § 470.05(2) explicitly requires trial counsel to register an objection to alleged error at the time of the ruling *"or at any subsequent time when the court had the opportunity of effectively changing the same"* (emphasis added).

C. *Substantive Claim*

The Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132, which was signed on April 24, 1996, amended the law governing habeas corpus petitions. Section 104 of the new statute provides that the writ of habeas corpus may be granted only if the state court adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner contends that the state court decisions were "contrary to" the Supreme Court's holdings in *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), and *Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989).

In *Geders,* the Supreme Court restricted the power of a trial judge to bar a criminal defendant from conferring with counsel during a trial recess. The trial judge in that case declared an overnight recess after the defendant had completed his direct testimony. Concerned that the defendant and his attorney would discuss the impending cross-examination, the judge ordered the defendant to refrain from speaking with his attorney during the overnight recess. The Supreme Court held that the ensuing seventeen-hour ban on consultation violated the defendant's Sixth Amendment right to counsel and constituted reversible error. *See Geders,* 425 U.S. at 91, 96 S.Ct. at 1336–37.

In *Perry,* the Supreme Court held that a criminal defendant has no constitutional right to confer with his attorney during a fifteen-minute break in his testimony. The Court distinguished brief bans on consultation from the type involved in *Geders:*

It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess. *See Geders v. United States,* 425 U.S. at 88, 96 S.Ct. at 1335. The fact that such discussions will inevitably include some consideration of the defendant's ongoing testimony does not compromise that basic right. But in a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice.

*Perry,* 488 U.S. at 284, 109 S.Ct. at 602. Thus, the Court reaffirmed its holding in *Geders.* Moreover, it explicitly noted that "a showing of prejudice is not an essential component of a violation of the rule announced in *Geders." Id.* at 278–79, 109 S.Ct. at 599.

1. *Failure to Renew Objection*

■ Petitioner contends that the state appellate courts affirmed his conviction because of his failure to renew his objection to the trial court's order on either Friday or Monday. According to Petitioner, the appellate courts must have determined that he had an affirmative duty to: 1) ask the court on Friday whether the ban would remain in effect over the weekend; or 2) clarify on the record on Monday that the ban had remained in effect, and give the court an opportunity to cure its error. *See* Transcript of Oral Argument, August 1, 1996 ("Tr."), at 17–19. Petitioner argues that because he failed to take either of these steps, the appellate courts determined that he had waived any claim that the ban continued through the weekend. Further, he asserts, the appellate courts concluded that any potential Sixth Amendment violation was cured by Petitioner's opportunity to confer with counsel during the weekend. Tr. at 19.

If Petitioner is right about the basis for the appellate court decisions, then his habeas petition must be granted. The trial judge instructed Petitioner not to consult with his attorney "because you are in the middle of cross-examination." The judge did not place any time limit on the ban, and the language he used indicated that it would remain in effect until Petitioner's cross-examination was over. Petitioner had no obligation to renew his objection to the trial judge's order. He had already registered an objection in compliance with applicable procedural rules, *see* note 3 *supra,* and no further objection was needed to maintain a *Geders* claim. *See*

*United States v. Romano,* 736 F.2d 1432 (11th Cir.1984), *reversed in part on other grounds, Crutchfield v. Wainwright,* 803 F.2d 1103 (11th Cir.1986) (finding *Geders* violation, without any discussion of whether petitioner renewed his objection, where court's overnight ban on consultation was extended for two days due to unforeseen events).

Unless the trial judge explicitly terminated his order on Friday, it remained in effect throughout the weekend. If the trial judge did not lift the order, the ensuing four-day ban on consultation clearly violated the Supreme Court's pronouncement in *Geders.* Accordingly, the appellate courts' affirmance of Petitioner's conviction would be "contrary to" established Supreme Court precedent and Petitioner would be entitled to a writ of habeas corpus.

### 2. *Was the Order Lifted?*

■ However, Petitioner's explanation for the appellate court decisions is not the only plausible one. Throughout the appellate process, the State maintained that the trial judge explicitly lifted the ban on consultation on Friday morning. In fact, in its brief before the Appellate Division, the State offered to prove that this was the case at a reconstruction hearing. The appellate courts may have accepted the State's representation (without a hearing) and determined that the overnight ban was cured by Petitioner's opportunity to confer with counsel over the weekend.

The question of whether a *Geders* violation may be cured by an opportunity to confer with counsel before testimony resumes is one of first impression. The only case which has touched upon this issue is *United States v. Hartman,* 1996 WL 160780 (4th Cir. Apr. 8, 1996). In that case, the trial judge ordered the defendant not to speak with his attorney during an overnight recess that occurred while the defendant was still testifying. The following morning, however, the judge permitted the defendant to speak with his attorney for ten minutes before resuming his testimony. The Fourth Circuit held that the trial court's ban violated *Geders,* and that the brief conference permitted by the judge did not cure this violation. *See id.,* 1996 WL

160780 at *2. However, the court expressed no opinion as to whether a more substantial opportunity to confer with counsel can cure a *Geders* violation.

Petitioner's situation is significantly different from that in *Hartman.* If the trial judge lifted his order on Friday, Petitioner had three full days to confer with his attorney before the trial resumed. I find that this opportunity to confer would be more than sufficient to eliminate any potential *Geders* violation. The purpose of the *Geders* rule is to ensure that defendants and their attorneys have an adequate opportunity to discuss tactical decisions, review strategies and explore the significance of the events at trial. *See Geders,* 425 U.S. at 88, 96 S.Ct. at 1335. If Petitioner had three days to speak with his attorney, he would not have been denied this opportunity. Because Petitioner did not resume his testimony until Monday, it would be as if the judge's ban on consultation was never issued.

■ Petitioner correctly points out that the record before the appellate courts does not support the conclusion that the trial judge lifted his order on Friday. However, the State has repeatedly argued that the order was lifted, and is entitled to an opportunity to prove the validity of its assertion. Even in cases in which the state "bears some responsibility for the inadequacy of the state court record, 'the public interest requires that opportunity be given to present evidence which might show that the petitioner suffered no constitutional deprivation.'" *Willetty v. Georgia,* 608 F.2d 538, 541 (5th Cir. 1979) (quoting *United States ex rel. McNair v. New Jersey,* 492 F.2d 1307 (3d Cir.1974)).

■ An evidentiary hearing must therefore be held to determine whether the trial judge lifted his order on Friday, February 11, 1994. The State contends that in the interest of comity, this hearing should be held before the state court. *See Okonkwo v. Lacy,* 895 F.Supp. 571 (S.D.N.Y.1995) (conditionally granting habeas petition and remanding the case to state court for an evidentiary hearing). However, the Court has discretion to determine where the hearing should be held. *See Pagan v. Keane,* 984

F.2d 61 (2d Cir.1993) (district court has discretion to hold its own evidentiary hearings in habeas cases); *Smith v. Atkins,* 678 F.2d 883, 885 (10th Cir.1982) (where relevant facts are not determined in state court proceedings, district court may either hold an evidentiary hearing itself or remand to state court). Under the circumstances of this case, I believe it would be appropriate for the hearing to be held in this Court.

Accordingly, I will hold an evidentiary hearing at 10 a.m. on August 23, 1996. If the evidence presented at the hearing demonstrates that the trial judge lifted his order on Friday, Petitioner's habeas petition will be denied; if it demonstrates that he did not, it will be granted.

III. *Conclusion*

For the foregoing reasons, the Court will hold an evidentiary hearing on August 23, 1996 at 10 a.m. After this hearing, judgment will be entered in accordance with this opinion.

SO ORDERED.