■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY L. BROWN, Appellant. [670 NYS2d 219] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 7, 1994, upon a verdict convicting defendant of the crimes of burglary in the first degree and unlawful imprisonment in the second degree.

Defendant's convictions arise out of a May 3, 1994 incident in which defendant went to the victim's apartment in the City of Albany, entered by breaking down the door, repeatedly struck the victim in the face and threatened to kill her, and then dragged her out of the building and onto the street, where he restrained her until she escaped. On appeal, defendant contends only that County Court abused its discretion in refusing to redact medical records concerning the victim's injuries so as to eliminate references to the word "assault" and that he was denied the right to effective assistance of counsel because of his attorney's failure to request a bill of particulars with respect to the charge of burglary in the first degree. Both contentions are entirely lacking in merit.

Contrary to defendant's contention, the medical records were neither offered nor received as evidence of defendant's intent to commit the crime of assault within the victim's premises; rather, they were directly probative of the element of the count of burglary in the first degree that defendant caused "physical injury to [a] person who is not a participant in the crime" (Penal Law § 140.30 [2]). Similarly, there is no merit to the claim that, had defendant's counsel requested a bill of particulars, he would have been apprised of the People's theory that defendant entered the premises with the intent of committing the crime of assault. The People were not required to (and in fact did not) limit the jury's consideration to any specific underlying criminal intent and had no obligation to furnish particulars in that regard (see, People v Mackey, 49 NY2d 274, 280-281; People v Jones, 227 AD2d 195, 196, lv denied 88 NY2d 937). As a final matter, we note that, in view of the overwhelming evidence of defendant's guilt, even if meritorious, neither assertion of error would have justified reversal of the judgment of conviction.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.