■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CHARLES BRINK, Appellant. [815 NYS2d 861]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered May 13, 2003. The

judgment convicted defendant, upon a jury verdict, of rape in the second degree (four counts) and criminal contempt in the second degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of four counts each of rape in the second degree (Penal Law § 130.30 [1]) and criminal contempt in the second degree (§ 215.50 [3]). We reject the contention of defendant that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to request a bill of particulars (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). "While the better practice would have been for [defense] counsel . . . to have sought a bill of particulars specifying the precise acts alleged to constitute the charged offenses, his failure to do so did not impact upon the conduct of the defense or otherwise prejudice defendant" (*People v Swackhammer*, 260 AD2d 939, 941 [1999], *lv denied* 93 NY2d 1028 [1999]; *see People v Brown*, 248 AD2d 742 [1998], *lv denied* 93 NY2d 922 [1999]). We further reject defendant's contention that Supreme Court abused its discretion in precluding defendant from cross-examining the victim concerning her prior sexual conduct. Evidence of the victim's prior sexual conduct did not fall within any of the exceptions set forth in CPL 60.42 (1) through (4), and defendant failed to make an offer of proof demonstrating that such evidence was relevant and admissible pursuant to CPL 60.42 (5).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by the misconduct of the prosecutor in referring to defendant's uncharged crimes and bad acts during, inter alia, his opening statement (*see* CPL 470.05 [2]; *see generally People v Hare*, 27 AD3d 1171 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in sentencing him before obtaining a complete record of his mental health history (*see* CPL 470.05 [2]). In any event, the record establishes that the court received what it determined to be a complete presentence report pursuant to CPL 390.20 (1), and there was "no evidence that [the entire record of defendant's mental health history] was critical to a fair sentencing determination" (*People v Buchicchio*, 116 AD2d 729, 730 [1986], *lv denied* 67 NY2d 940 [1986]).

We have reviewed defendant's remaining contentions and

conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.