THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE F. LEESON, Appellant. [850 NYS2d 815]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered September 30, 2005. The judgment

convicted defendant, upon a jury verdict, of sodomy in the second degree (two counts), sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, one count of sexual abuse in the second degree (Penal Law § 130.60 [2]) and two counts of sodomy in the second degree (former § 130.45 [1]). Contrary to the contention of defendant, County Court properly refused to suppress the physical evidence seized from his pickup truck and his subsequent statements to the police. It is well settled that, "where the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that [the] individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (*People v Adams*, 53 NY2d 1, 9 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]). As the court properly determined, the searching officers relied in good faith on the apparent capability of defendant's mother to consent to the search of the pickup truck, inasmuch as the circumstances reasonably indicated that she had the requisite degree of control and authority over the premises and the pickup truck on the premises (*see People v Martinez*, 298 AD2d 897, 898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]; *People v Pizzichillo*, 144 AD2d 589, 590 [1988], *lv denied* 73 NY2d 981 [1989]; *People v Cardew*, 132 AD2d 721, 724 [1987], *lv denied* 70 NY2d 953 [1988]).

We also reject the contention of defendant that he was denied a fair trial when the court allowed the People to present testimony that he committed similar acts with the victim in another county during the same time frame as that alleged in the indictment herein. "The general rule is that evidence of . . . uncharged crimes may not be offered to show defendant's bad character or his propensity towards crime but may be admitted only if the acts help establish some element of the crime under consideration or are relevant because of some recognized exception to the general rule" (*People v Lewis*, 69 NY2d 321, 325 [1987]; *see People v Allweiss*, 48 NY2d 40, 46-47 [1979]). One recognized exception to the general rule is that evidence of uncharged crimes is admissible to establish "a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others" (*People v Molineux*, 168 NY 264, 293 [1901]). Here, the

People's theory was that defendant planned to place the victim in secluded locations in which she was alone with him for the purpose of engaging in sexual activity with her. We thus agree with the court that evidence that he did so on two occasions in addition to those charged in the indictment herein was admissible to establish the common scheme or plan. In any event, we conclude that the evidence also was admissible to complete the narrative of the events charged in the indictment (*see People v Till*, 87 NY2d 835, 837 [1995]; *People v Gines*, 36 NY2d 932, 932-933 [1975]; *People v Jones*, 27 AD3d 1161 [2006], *lv denied* 7 NY3d 849 [2006]), and to provide necessary background information (*see People v Conrow*, 13 AD3d 1116 [2004], *lv denied* 4 NY3d 829 [2005]; *People v Tarver*, 2 AD3d 968 [2003]). Finally, the probative value of that evidence outweighed any prejudicial impact (*see generally Allweiss*, 48 NY2d at 47).

The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except Centra and Lunn, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Centra and Lunn, JJ. (dissenting). We respectfully dissent because we cannot agree with the majority that defendant was not denied a fair trial by the admission of testimony at trial that, during the same time frame in which he allegedly sodomized and sexually abused the victim in Ontario County, he committed similar but uncharged acts in Yates County. Here, County Court admitted extensive testimony from the victim, her brother, and her mother concerning two incidents, occurring in "late August, early September," in which defendant took the victim and her brother to a house and office in Penn Yan, Yates County, to help clean it, and there "some of the same things happen[ed in Penn Yan] as happened on the side of the road near [the victim's] mom's house[ ]" in Ontario County. Contrary to the conclusion of the majority, that testimony was improperly admitted because its sole relevance was "to demonstrate defendant's propensities and to enhance the credibility of the complainant" (*People v Kise*, 273 AD2d 849 [2000]; *see People v Lewis*, 69 NY2d 321, 327-328 [1987]). We cannot endorse the majority's reliance on the common scheme or plan exception to the general rule excluding evidence of uncharged crimes. A defendant charged with sex crimes would rarely, if indeed ever, engage in such conduct in a public venue but, rather, the defendant would likely choose a secluded location for the purpose of engaging in illicit sexual activity. We therefore

cannot agree that the evidence of the two uncharged incidents was admissible to establish that defendant had a common scheme or plan. We also cannot agree with the majority that the evidence of those uncharged crimes was "admissible to complete the narrative of events charged in the indictment . . . and to provide necessary background information," presumably with respect to defendant's relationship with the victim. Addressing first the statement of the majority with respect to "necessary background information," we conclude that, based on the respective ages of the victim and defendant, no specific intent on the part of defendant was necessary to commit the crimes for which defendant was indicted in Ontario County (*see* Penal Law former § 130.45 [1]; § 130.60 [2]; *see generally Lewis*, 69 NY2d at 327). We note in any event that the incidents in Yates County occurred either at the same time or after the charged crimes and thus, could not temporally serve to provide background information for defendant's indicted crimes.

Nor can we agree with the majority that the testimony concerning those two incidents, which were separated both by time and proximity from the numerous events charged in the indictment, served to complete any narrative of the events charged in the indictment (*see People v Resek*, 3 NY3d 385, 389-390 [2004]). The evidence in question was neither "inextricably interwoven" with the charged crimes nor necessary to the jury's understanding of the People's case (*People v Park*, 12 AD3d 942, 944 [2004]; *see Resek*, 3 NY3d at 389-390).

Additionally, we cannot agree with the People that evidence of those uncharged crimes was relevant to establish that defendant's acts were intentional, rather than a mistake or an accident. As previously noted, based on the ages of the victim and defendant, it is immaterial whether defendant's acts were a mistake or an accident. In any event, the record establishes that defendant never contended that the victim confused his innocuous physical contact with sexual contact but, rather, he denied that he had any sexual contact with the victim. Thus, the evidence of those uncharged crimes cannot be deemed admissible to establish defendant's intent (*cf. People v Jones*, 27 AD3d 1161 [2006], *lv denied* 7 NY3d 849 [2006]).

We cannot say that the error is harmless. The evidence of defendant's guilt is not overwhelming without the testimony concerning the uncharged crimes and, in our view, there is a significant probability that the jury, which acquitted defendant of 28 charges out of 32, would have also acquitted defendant of counts 1 through 3 and 32 had it not been for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We

therefore would reverse the judgment and grant a new trial on counts 1 through 3 and 32 of the indictment. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.