THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO D. COOLEY, Appellant. [856 NYS2d 412]—

Appeal from a judgment of the Supreme Court, Monroe

County (John J. Brunetti, A.J.), rendered February 16, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and two counts of assault in the first degree (§ 120.10 [1]), arising from an incident in which defendant cut the throat of a woman and then attacked her 13-year-old daughter. By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the attempted murder conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The attempted murder victim testified that, without provocation, defendant entered her home and cut her throat, and the medical records of that victim established that she sustained multiple stab wounds to the neck, one of which had penetrated her airway. We thus conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant intended to kill that victim and "came dangerously close to doing so" (People v Jackson, 11 AD3d 369, 370 [2004], lv denied 3 NY3d 757 [2004]; see People v Moradel, 278 AD2d 250 [2000], lv denied 99 NY2d 538 [2002]; People v McDavis, 97 AD2d 302, 303 [1983]).

Contrary to defendant's further contention, the verdict with respect to the count of attempted murder is not against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, the jury was entitled to credit the testimony of the victims (see generally Bleakley, 69 NY2d at 495). Although we agree with defendant that the prosecutor made improper comments during summation, we conclude that Supreme Court's curative instructions were sufficient to alleviate any prejudice to defendant (see People v Murry, 24 AD3d 1319, 1320 [2005], lv denied 6 NY3d 815 [2006]). We reject the further contention of defendant that the court erred in admitting in evidence statements that he allegedly made to the 13-year-old victim several months prior to his commission of the crimes herein, expressing his desire to have sexual intercourse with her. Those statements were relevant to

the issue of defendant's intent, and their probative value exceeded their potential for prejudice (*see generally People v Alvino*, 71 NY2d 233, 242 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.