THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON CHATT, Appellant. [908 NYS2d 500]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 14, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant that he was denied his due process right to prompt prosecution based upon preindictment delay of nearly 33 years. Although that delay is substantial and "may have caused some degree of prejudice to defendant, the People satisfied their burden of demonstrating that they made a good faith determination not to proceed with the prosecution in [1974] due to, what was at the time, insufficient evidence" (*People v Decker*, 13 NY3d 12, 16 [2009]; *see People v Vernace*, 96 NY2d 886, 888 [2001]). Supreme Court properly permitted the People to present evidence that the victim had been raped, both to establish motive (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Molineux*, 168 NY 264, 293 [1901]) and to "complete the narrative of the event[ ] charged in the indictment" (*People v Leeson*, 48 AD3d 1294, 1296 [2008], *affd* 12 NY3d 823 [2009]). Further, evidence that

the victim had previously reported an attempted assault by defendant was properly admitted for the limited purpose of providing background information with respect to the relationship between defendant and the victim (*see Leeson*, 48 AD3d at 1296).

Defendant further contends that the court erred in denying his motion seeking a mistrial during jury deliberations on the ground that a juror had become "grossly unqualified to serve in the case" and had "engaged in misconduct of a substantial nature" when she failed to report in a timely manner that she overheard a conversation about the case between jurors who served at defendant's first trial (CPL 270.35 [1]). We reject that contention. After conducting a "probing and tactful inquiry," the court determined that the juror's ability to remain fair and impartial had not been affected (*People v Buford*, 69 NY2d 290, 299 [1987]; *see People v Harrison*, 251 AD2d 681, 682 [1998], *lv denied* 92 NY2d 898 [1998]; *People v Ferguson*, 248 AD2d 147 [1998], *lv denied* 92 NY2d 851 [1998]), and that the juror's failure to report the conversation earlier did not amount to substantial misconduct (*see generally People v Bradford*, 300 AD2d 685, 688 [2002], *lv denied* 99 NY2d 612 [2003]; *People v Matiash*, 197 AD2d 794, 796 [1993], *lv denied* 82 NY2d 899 [1993]). "The decision to disqualify turns on the facts of each particular case, and we accord deference to [the c]ourt's careful evaluation of the juror['s] answers and demeanor, perceiving no basis upon which to disturb its determination" (*People v Harris*, 288 AD2d 610, 616 [2001], *affd* 99 NY2d 202 [2002]).

The court also properly permitted the People's forensic serologist to testify concerning the application of the "product rule" to the DNA analyses conducted on the pubic hairs found at the scene of the crime and the samples obtained from defendant. At the *Frye* hearing, the People met their burden of demonstrating that the "product rule" has acquired general acceptance in the scientific community as an established principle of probability theory (*see generally Nonnon v City of New York*, 32 AD3d 91, 103 [2006], *affd* 9 NY3d 825 [2007]; *People v LeGrand*, 8 NY3d 449, 457 [2007]).

The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction. In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The contention of defendant that the evidence at his first trial was legally insufficient and thus that his retrial was barred by

the Double Jeopardy Clauses of the US and NY Constitutions is similarly without merit (*see* US Const 5th Amend; NY Const, art I, § 6). The evidence at both trials was virtually identical, and we conclude that the evidence at the first trial was legally sufficient to establish defendant's guilt of murder in the second degree (*see People v Pawlowski*, 116 AD2d 985, 986 [1986], *lv denied* 67 NY2d 948 [1986]; *cf. People v Hart*, 300 AD2d 987, 988 [2002], *affd* 100 NY2d 550 [2003]).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Defendant failed to preserve for our review his contention with respect to one of the alleged instances of misconduct (*see* CPL 470.05 [2]; *People v Lombardi*, 68 AD3d 1765 [2009], *lv denied* 14 NY3d 802 [2010]), and we decline to exercise our power to review that alleged instance as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to the two remaining alleged instances, the court promptly sustained defendant's objections and issued curative instructions, thereby alleviating any prejudice to defendant (*see People v Cooley*, 50 AD3d 1548 [2008], *lv denied* 10 NY3d 957 [2008]). Also contrary to defendant's contentions, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Rutledge*, 70 AD3d 1368 [2010]), and defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.