# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**152**
**KA 08-02638**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JACK COMER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 30, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Supreme Court properly denied that part of defendant's omnibus motion seeking to dismiss the indictment pursuant to CPL 30.30 (1) (a) and 210.20 (1) (g). The record supports the court's determination that the People met their burden of establishing that the period of defendant's absence was not chargeable to them by showing that defendant's location was unknown and that he was attempting to avoid apprehension or prosecution (*see* CPL 30.30 [4] [c] [i]; *People v Flagg*, 30 AD3d 889, 891, *lv denied* 7 NY3d 848). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Upon our review of the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defense counsel afforded defendant "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). Finally, defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice

(*see* CPL 470.15 [6] [a]).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court