# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**459**

**KA 02-00380**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

KEVIN A. NELSON, DEFENDANT-APPELLANT.

---

PETER J. PULLANO, ROCHESTER (ANDREW D. FISKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered February 4, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the second degree, incest, sexual abuse in the second degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of rape in the first degree (Penal Law § 130.35 [1]), rape in the second degree (§ 130.30 [1]), incest (former § 255.25) and endangering the welfare of a child (§ 260.10 [1]), and two counts of sexual abuse in the second degree (§ 130.60 [2]). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to retain an expert witness to counter the testimony of the People's expert (*see People v Prince*, 5 AD3d 1098, 1098, *lv denied* 2 NY3d 804), and defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations for' " the remaining instances of alleged ineffectiveness (*People v Benevento*, 91 NY2d 708, 712). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury was entitled to credit the victim's account and to reject the alibi testimony presented by defendant (*see People v Brown*, 34 AD3d 1303; *People v Johnson*, 268 AD2d 891, 894, *lv denied* 94 NY2d 921, 923, 924). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence his statement to the police inasmuch as defendant did not move to suppress that statement (*see People v Delatorres*, 34 AD3d 1343, 1344, *lv denied* 8 NY3d 921),

and he also failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Comer*, 91 AD3d 1339, 1339-1340).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.