# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

603

CA 11-02166

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

HERSCHEL ADKISON, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER
(LISA L. PAINE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MICHAEL CONNOLLY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County
(Marianne Furfure, A.J.), entered September 22, 2011 in a proceeding
pursuant to Mental Hygiene Law article 10.  The order committed
respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order pursuant to Mental
Hygiene Law article 10 determining, following a jury trial, that he is
a detained sex offender who has a mental abnormality and determining,
after a dispositional hearing, that he is a dangerous sex offender
requiring confinement in a secure treatment facility.  Respondent
contends that Supreme Court abused its discretion in denying his
application for a mistrial because the court improperly curtailed voir
dire resulting in the impanelment of juror No. 7, who made negative
comments with respect to respondent during trial, and because those
comments negatively influenced other jurors.  We reject those
contentions (*see generally People v Matt*, 78 AD3d 1616, 1617, *lv
denied* 15 NY3d 954).  We note at the outset that, "[a]lthough this
Mental Hygiene Law article 10 proceeding is civil in nature and
primarily governed by CPLR article 41" (*Matter of State of New York v
Muench*, 85 AD3d 1581, 1581; *see* Mental Hygiene Law § 10.07 [b]), the
Criminal Procedure Law governs the procedure for voir dire and the
discharge of a juror (*see* Mental Hygiene Law § 10.07 [b]; CPL 270.15,
270.35 [1]).  CPL 270.35 (1) provides in relevant part that the court
must discharge a juror where he or she "has engaged in misconduct of a
substantial nature, but not warranting the declaration of a mistrial."
Here, respondent's contention that the court erred in denying his
motion for a mistrial is based upon his assertion that he was denied a
fair trial by the court's improper curtailment of voir dire and

determination to discharge juror No. 7 rather than grant a mistrial, i.e., those acts governed by the Criminal Procedure Law. We therefore conclude that, in this case, CPL 280.10 (1) should likewise govern the standard to be used when determining whether a mistrial is warranted. That statute provides that the court must declare a mistrial if, "upon motion of the [respondent], . . . there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the [respondent] and deprives him [or her] of a fair trial" (*id.*).

With respect to respondent's contention concerning voir dire, we note that the court is vested with "broad discretion to control and restrict the scope of the [voir dire] examination" (*People v Boulware*, 29 NY2d 135, 140, *rearg denied* 29 NY2d 670, 749, *cert denied* 405 US 995). The record here establishes that the court did not abuse that discretion, and thus the court did not err in denying respondent's motion for a mistrial on that ground. Respondent's contention that a mistrial was warranted because the jurors remaining after juror No. 7 was discharged were so tainted by the negative comments of juror No. 7 is also without merit (*see People v Chatt*, 77 AD3d 1285, 1286, *lv denied* 17 NY3d 793; *People v Bassett*, 55 AD3d 1434, 1435, *lv denied* 11 NY3d 922). The court questioned each remaining juror individually and all of those jurors unequivocally expressed that they could continue to be fair and impartial. We conclude that the court's procedures were " 'sufficient to protect [respondent's] right to a fair trial' " (*Bassett*, 55 AD3d at 1435). Additionally, any failure on the part of the remaining jurors to "report [the negative statements of juror No. 7] did not amount to substantial misconduct" (*Chatt*, 77 AD3d at 1286).

Respondent's further contention that he was denied due process and a fair trial because the court conducted its inquiry and subsequent discharge of juror No. 7 outside of respondent's presence is without merit. Respondent had no right to be present while the court conducted an inquiry of juror No. 7 to determine whether that juror should be discharged pursuant to CPL 270.35 (*see People v Luchey*, 221 AD2d 936, 936, *lv denied* 87 NY2d 1021, *reconsideration denied* 88 NY2d 988).

Finally, we reject respondent's contention that petitioner failed to prove by clear and convincing evidence that he had a mental abnormality and that he was a dangerous sex offender requiring confinement. The expert testimony submitted at trial by petitioner constituted clear and convincing evidence that respondent was a "detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.07 [d]). Additionally, the jury's verdict that respondent suffers from a mental abnormality "is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of the State of New York v Chrisman*, 75 AD3d 1057, 1058). We conclude based upon the record that petitioner also proved by clear and convincing evidence that respondent was a dangerous sex offender requiring confinement, and the court did not err in crediting petitioner's expert testimony over respondent's expert testimony (*see Matter of State of New York v*

*Harland*, 94 AD3d 1558, 1559, *lv denied* 19 NY3d 801).