# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**497**

**KA 11-00482**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ADRIAN RILEY, DEFENDANT-APPELLANT.

---

JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.

ADRIAN RILEY, DEFENDANT-APPELLANT PRO SE.

JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered January 28, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction. In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Both the victim and defendant testified at trial, and we perceive no basis in the record for disturbing the jurors' credibility determinations (*see People v Ennis*, 107 AD3d 1617, 1618, *lv denied* 22 NY3d 1040; *People v Burgos*, 90 AD3d 1670, 1671, *lv denied* 19 NY3d 862).

By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention in his main and pro se supplemental briefs that he was denied a fair trial based on the ruling (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968). In any event, we conclude that the court did not abuse its discretion in allowing the prosecutor to question defendant about his conviction of criminal possession of a weapon in the fourth degree even though he committed that crime after the incident herein (*see*

*People v Pavao*, 59 NY2d 282, 292 n 3; *People v Davis*, 243 AD2d 831, 833). That conviction demonstrated defendant's "willingness to place his own interests above those of society" (*People v Hammond*, 84 AD3d 1726, 1726-1727, *lv denied* 17 NY3d 816; *see People v Cosby*, 82 AD3d 63, 68, *lv denied* 16 NY3d 857).

Defendant's further contention in his main and pro se supplemental briefs that he was denied a fair trial by prosecutorial misconduct on summation is preserved for our review with respect to only one instance of alleged misconduct (*see* CPL 470.05 [2]). In any event, we conclude with respect to the unpreserved instances of alleged misconduct that the prosecutor's comments were fair response to defense counsel's summation (*see People v McIver*, 107 AD3d 1591, 1592, *lv denied* 22 NY3d 997; *People v Roman*, 85 AD3d 1630, 1632, *lv denied* 17 NY3d 821). With respect to the preserved instance of alleged misconduct, we agree with defendant that the prosecutor improperly appealed to the jurors' sympathies (*see People v Fisher*, 18 NY3d 964, 967; *People v Ballerstein*, 52 AD3d 1192, 1194), but we conclude that the court's prompt curative instruction was sufficient to alleviate any prejudice to defendant (*see People v Chatt*, 77 AD3d 1285, 1287, *lv denied* 17 NY3d 793; *People v Cooley*, 50 AD3d 1548, 1549, *lv denied* 10 NY3d 957).

Defendant contends in his main and pro se supplemental briefs that he was denied effective assistance of counsel. Defendant's contentions regarding defense counsel's failure to conduct a proper investigation are based on information outside the record on appeal and must be raised by way of a motion pursuant to CPL 440.10 (*see People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800). Contrary to defendant's contention, he was not denied effective assistance of counsel based on defense counsel's failure to request a bill of particulars (*see People v Brink*, 30 AD3d 1014, 1015, *lv denied* 7 NY3d 810), or failure to call an expert witness to testify (*see People v Aikey*, 94 AD3d 1485, 1487, *lv denied* 19 NY3d 956; *People v Nelson*, 94 AD3d 1426, 1426, *lv denied* 19 NY3d 999). We conclude on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant contends in his pro se supplemental brief that the court erred in refusing to dismiss the indictment on the ground that the prosecutor allowed the victim to testify before the grand jury without determining her testimonial capacity. Inasmuch as "[d]efendant was convicted upon legally sufficient trial evidence, . . . his contention with respect to the competency of the evidence before the grand jury is not reviewable upon an appeal from the ensuing judgment of conviction" (*People v Pulvino*, 115 AD3d 1220, 1221 [internal quotation marks omitted]; *see People v Laws*, 41 AD3d 1205, 1206, *lv denied* 9 NY3d 991). We reject defendant's further contention in his pro se supplemental brief that the court abused its discretion in precluding defendant from cross-examining witnesses regarding other allegations of sexual abuse made by the victim (*see People v Lane*, 47 AD3d 1125, 1127-1128, *lv denied* 10 NY3d 866; *People v Smith*, 281 AD2d 957, 958, *lv denied* 96 NY2d 868). "The preclusion of such questioning

does not constitute an abuse of discretion where, as here, defendant made no showing that the prior allegation[s were] false" (*Smith*, 281 AD2d at 958).

Finally, contrary to defendant's contention in his main brief, the sentence is not unduly harsh and severe.