■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WHITE, Appellant.—Judgment unanimously affirmed. Memorandum: The circumstantial evidence was sufficient to prove defendant's guilt of burglary in the second degree and petit larceny. When the police arrived in response to a call of a burglary in progress, they saw two persons running away from the burglarized house. Defendant's shoes matched a set of footprints in the fresh snow which began 7 to 10 feet from the back door of the burglarized house and led away from the house. Between the back door and the first footprint was a sidewalk that was free of snow. A lantern, which had been taken from the burglarized house, was found along the trail of the footprints. The footprints led toward the downtown area where defendant was arrested. The marks in the snow along the trail of the footprints indicated that the person who made the tracks had fallen in the snow. When arrested, defendant's pants were wet up to his knees and there was snow in the cuffs of his pants. He told the police that he was waiting for a bus but the bus stop was 75 feet away. He also said that his pants were wet because he had gone to the creek to urinate. However, the path to the creek was muddy and defendant had no mud on his pants or shoes. Moreover, on his way to the creek, defendant would have passed a rest room located in a gasoline station. He also told the police that he had last seen his car in front of his residence, which was refuted by the codefendant. These statements, if found to be false, could be considered by the jury as evidence of guilt *(see, People v Levine,* 65 NY2d 845, 847; *People v Benzinger,* 36 NY2d 29, 33-34).

The codefendant, who was apprehended as he was running

away from the burglarized house, testified that he had asked defendant to drive him and another man named "Sam" to the place where the burglary occurred. He testified that defendant drove part way and got out of the car at a restaurant and the codefendant and Sam continued to the place of the burglary. The codefendant did not know Sam's last name or his whereabouts. The codefendant's testimony that defendant got out of the car before it arrived at the scene of the burglary was impeached by the codefendant's plea colloquy during which he stated that defendant had driven to the scene of the burglary and had assisted him.

After the burglary, defendant's car was found across the street from the burglarized house. Silverware from that house was found in the trunk of defendant's car.

These facts, taken all together, are inconsistent with defendant's innocence and exclude to a moral certainty every other reasonable hypothesis *(see, People v Levine, supra,* and cases cited therein). (Appeal from judgment of Erie County Court, McCarthy, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.