THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN JACKSON, Also Known as RENEE JOHNSON, Appellant. [824 NYS2d 851]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 8, 2003. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). County Court imposed an enhanced sentence after defendant violated the conditions of her guilty plea by smoking marihuana and failing to appear for sentencing. Assuming, arguendo, that it is preserved for our review, we reject the contention of defendant that the imposition of an enhanced sentence deprived her of her right to due process. The court

informed defendant of the allegations concerning the violations of the conditions of the guilty plea and permitted defendant to address those allegations. Under the circumstances, we conclude that the court's inquiry was sufficient to satisfy the requirements of due process (*see generally People v Outley*, 80 NY2d 702, 713 [1993]; *People v Smith*, 300 AD2d 1038, 1039 [2002], *lv denied* 99 NY2d 632 [2003]; *People v McClemore*, 276 AD2d 32, 36 [2000]).

The court advised defendant of the maximum sentence that could be imposed upon a violation of the conditions of the guilty plea, and thus the waiver by defendant of the right to appeal encompasses her further contention that the enhanced sentence is unduly harsh or severe (*see People v Milczakowskyj*, 286 AD2d 928 [2001], *lv denied* 97 NY2d 657; *cf. People v Trisvan*, 8 AD3d 1067 [2004], *lv denied* 3 NY3d 682 [2004]). Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.