■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATH E. JOHNSTON, Appellant. [897 NYS2d 366]—Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered December 19, 2006. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree and petit larceny and, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25), and, upon his plea of guilty, a second count of burglary in the second degree (§ 140.25 [2]). We reject defendant's contention that the verdict in the nonjury trial is not supported by legally sufficient evidence. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Pichardo*, 34 AD3d 1223, 1224 [2006], *lv denied* 8 NY3d 926 [2007] [internal quotation marks omitted]; *see People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001]). Here, the evidence presented at trial could lead a rational person to the conclusion reached by County Court, i.e., that the dwelling at 86 Aldrich Road was burglarized and that defendant committed the burglary (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Ostrander*, 46 AD3d 1217, 1218 [2007]; *People v White*, 144 AD2d 950 [1988], *lv denied* 73 NY2d 1023 [1989]). The same logic supporting the conclusion that the evidence is legally sufficient to establish that defendant committed the crime of burglary charged in the first count of the indictment likewise supports the conclusion that the evidence is legally sufficient with respect to the crime of petit larceny charged in the second count of the indictment (*see generally Bleakley*, 69 NY2d at 495).

Also contrary to defendant's contention, viewing the evidence in light of the crimes in this nonjury trial (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally id.*). Although a different result would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (*see Danielson*, 9 NY3d at 349; *Bleakley*, 69 NY2d at 495). We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted following a jury trial and it must therefore be amended to reflect that he was convicted following a nonjury trial (*see generally People v Saxton*, 32 AD3d 1286 [2006]).

Finally, based on our rejection of defendant's contentions concerning the legal sufficiency and weight of the evidence in the nonjury trial, defendant's contention that the plea should

be vacated is without merit (*cf. People v Fuggazzatto*, 62 NY2d 862 [1984]). Present—Smith, J.P., Centra, Fahey and Pine, JJ.