◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. SMALL, JR., III, Appellant. [917 NYS2d 772]—

Appeal from a judgment of the Cayuga County Court (Stephen R. Sirkin, A.J.), rendered October 30, 2009. The judgment

convicted defendant, after a nonjury trial, of burglary in the first degree (three counts), burglary in the second degree, and criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, three counts of burglary in the first degree (Penal Law § 140.30 [1], [3], [4]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Even assuming, arguendo, that defendant preserved for our review his contention that County Court erred in failing to conduct a *Sandoval* hearing, we conclude that any error in failing to do so in this nonjury trial is harmless. "Unlike a lay jury, a [justice] 'by reasons of . . . learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" (*People v Moreno*, 70 NY2d 403, 406 [1987]). "Although a jury may tend to conclude, despite limiting instructions, that a defendant who has committed previous crimes is more likely to have committed the crime charged . . . , the [justice] in a nonjury trial will not have that tendency . . . [Indeed, t]o require a trial court to conduct a *Sandoval* hearing in every nonjury trial would be a wasteful expenditure of the court's time and effort" (*People v Stevenson*, 163 AD2d 854, 854-855 [1990]). In any event, we note that defendant testified herein and that the prosecutor did not cross-examine defendant concerning his criminal history.

Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his contention concerning the alleged insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). We conclude in any event that the testimony of the victim and two other prosecution witnesses that defendant kicked down a door, "pistol-whipped" the victim, and placed the gun in the victim's mouth provided a " 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial' " (*People v Johnston*, 71 AD3d 1507, 1508 [2010], *lv denied* 15 NY3d 752 [2010]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that the court erred in ordering that a buccal swab be taken of defendant inasmuch as he raises new grounds in support of that contention for the first time on appeal (*see* CPL 470.05 [2]; *People v Peele*, 73 AD3d 1219, 1221 [2010]). In any event, the indictment provided the court with the requisite " 'clear indication' " that probative evidence could be discovered from a buccal swab (*see Matter of Abe A.*, 56 NY2d 288, 297 [1982]; *see also People v Pryor*, 14 AD3d 723, 725 [2005], *lv denied* 6 NY3d 779 [2006]), and defendant stipulated to the adequacy of the chain of custody of the buccal swab as well as other swabs that were taken (*see People v White*, 211 AD2d 982, 984 [1995], *lv denied* 85 NY2d 944 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.