# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**725**

**KA 13-02058**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JAMES W. EVANS, DEFENDANT-APPELLANT.

---

JONES & MORRIS, VICTOR (MICHAEL A. JONES, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (ROBERT C. JEFFRIES OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (William F. Kocher, J.), dated February 28, 2013. The order granted the application of defendant for resentencing pursuant to CPL 440.46.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the matter is remitted to Ontario County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order granting his application for resentencing pursuant to CPL 440.46 and specifying and informing him of the term of the determinate sentence County Court would impose upon resentencing (*see* L 2004, ch 738, § 23). He contends that the court erred in refusing to recuse itself and that, as a result, the proposed new sentence of eight years of incarceration plus three years of postrelease supervision is an abuse of discretion and was improperly influenced by the court's personal animosity toward defendant. We affirm.

"Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406; *see People v Strohman*, 66 AD3d 1334, 1336, *lv dismissed* 13 NY3d 911). Although defendant had used profanity in addressing the court in an unrelated sentencing proceeding, the court stated that it could be fair and impartial and that defendant's prior comments would not impact the court's ability to be objective. We perceive no basis to conclude that the court's discretionary determination to deny recusal was an abuse of discretion, and we conclude that the proposed new sentence of eight years is not "harsh or excessive" in light of all the "facts or circumstances relevant to the imposition of a new sentence" (L 2004, ch 738, § 23).

We thus affirm the order, and we remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court