# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**744**

**KA 13-00713**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAYMOND L. LEACH, JR., ALSO KNOWN AS RAYMOND L.
LEACH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered April 11, 2013. The judgment convicted
defendant, upon his plea of guilty, of criminal contempt in the first
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea
of guilty of criminal contempt in the first degree (Penal Law
§ 215.51 [b] [vi]), defendant contends that his plea was not
knowingly, intelligently, and voluntarily entered and, thus, that
County Court erred in denying his motion to withdraw his plea. We
reject that contention. "Permission to withdraw a guilty plea rests
solely within the court's discretion . . . , and refusal to permit
withdrawal does not constitute an abuse of discretion unless there is
some evidence of innocence, fraud, or mistake in inducing the plea"
(*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see
People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015).
Here, we perceive no abuse of discretion.

We conclude that "[d]efendant's contention that he was pressured
into accepting the plea is belied by his statements during the plea
proceedings" (*People v Garner*, 86 AD3d 955, 955; *see generally
Zimmerman*, 100 AD3d at 1361-1362). We further conclude that, "[t]o
the extent that defendant contends that defense counsel was
ineffective because he coerced defendant into pleading guilty, that
contention is [also] belied by defendant's statement during the plea
colloquy that the plea was not the result of any . . . coercion"
(*People v Campbell*, 62 AD3d 1265, 1266, *lv denied* 13 NY3d 795).

Defendant contends that his guilty plea was not knowing, intelligent and voluntary because the court failed to advise him of the potential periods of incarceration for an enhanced sentence based upon a postplea arrest, but he failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Halsey*, 108 AD3d 1123, 1124).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Contrary to defendant's contention, "[a]lthough . . . [his] initial statements . . . during the factual allocution may have negated [an] essential element of [the crime of criminal contempt in the first degree], his further statements removed any doubt" that he had committed that crime (*People v Trinidad*, 23 AD3d 1060, 1061, *lv denied* 6 NY3d 760; *see People v Thomas*, 56 AD3d 1240, 1240, *lv denied* 12 NY3d 763).

We agree with defendant that his valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence inasmuch as the court " 'failed to advise defendant of the potential periods of incarceration that could be imposed, including the potential periods of incarceration for an enhanced sentence . . . , before he waived his right to appeal' " (*People v Scott*, 101 AD3d 1773, 1774, *lv denied* 21 NY3d 1019; *see People v Huggins*, 45 AD3d 1380, 1380-1381, *lv denied* 9 NY3d 1006; *cf. People v Jackson*, 34 AD3d 1318, 1319, *lv denied* 8 NY3d 923).  We nevertheless conclude that the sentence is not unduly harsh or severe.