# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

973

KA 12-00841

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

KERRY LANDRY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered May 1, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his guilty plea, of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a forged instrument in the second degree (§ 170.25). Defendant contends in each appeal that his respective pleas were involuntarily entered because County Court failed to advise him of all of the constitutional rights he would be forfeiting upon pleading guilty (*see Boykin v Alabama*, 395 US 238, 243; *People v Tyrell*, 22 NY3d 359, 361). By failing to move to withdraw the respective pleas or to vacate the respective judgments of conviction, however, defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *People v Watkins*, 77 AD3d 1403, 1403, *lv denied* 15 NY3d 956), and the "narrow exception" to the preservation rule does not apply because defendant did not say anything during the respective plea colloquies that cast significant doubt on his guilt or otherwise called into question the voluntariness of his pleas (*People v Lopez*, 71 NY2d 662, 666). Although the Court of Appeals in *Tyrell* vacated a guilty plea based on an unpreserved *Boykins* claim, the defendant in that case was sentenced immediately following his plea and thus did not have an opportunity to move to withdraw his plea (*see Tyrell*, 22 NY3d at 364). Here, in contrast, defendant was sentenced more than two months after he entered his guilty pleas, thus affording him ample time to bring a motion.

We reject defendant's further contention in both appeals that the court abused its discretion in terminating him from a drug treatment program after he admittedly violated the conditions of the program. "Courts are afforded great deference in making judicial diversion determinations, and we perceive no abuse of discretion here" (*People v Williams*, 105 AD3d 1428, 1428, *lv denied* 21 NY3d 1021; *see* CPL 216.05 [9] [c]; *People v Dawley*, 96 AD3d 1108, 1109, *lv denied* 19 NY3d 1025). Finally, considering defendant's extensive criminal record and the multiple opportunities he has had to obtain substance abuse treatment, we decline to modify his sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court