# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1037**

**KA 13-02162**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                      MEMORANDUM AND ORDER

TERRANCE B. HINES, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 7, 2013. The judgment convicted defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence, i.e., the eyewitness testimony of the confidential informant and police officers and the forensic testimony establishing the existence of cocaine (*see People v Brown*, 2 AD3d 1423, 1424, *lv denied* 1 NY3d 625). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court erred in refusing to order judicial diversion instead of incarceration. "Courts are afforded great deference in making judicial diversion determinations," and here the court did not abuse its discretion (*People v Williams*, 105 AD3d 1428, 1428, *lv denied* 21 NY3d 1021). We also reject defendant's contention that he is entitled to a new trial based on *Brady* violations. Even assuming, arguendo, that the prosecutor delayed in providing defendant with *Brady* material, we conclude that a new trial is not warranted inasmuch as defendant received the material in time for its meaningful and effective use at

trial (*see People v Daniels*, 115 AD3d 1364, 1365, *lv denied* 23 NY3d 1019; *see generally People v Reese*, 23 AD3d 1034, 1036, *lv denied* 6 NY3d 779).

Defendant further contends that the People failed to disclose evidence of an allegedly lenient sentence given to the confidential informant in an unrelated matter in exchange for favorable testimony, and that such evidence would have impeached the credibility of the witness whose testimony was determinative of guilt (*see Giglio v United States*, 405 US 150, 154). Even assuming, arguendo, that this evidence constituted *Brady/Giglio* material, we conclude that defendant's right to a fair trial was not violated because he was provided a meaningful opportunity to use the allegedly exculpatory evidence to cross-examine the People's witness (*see People v Leavy*, 290 AD2d 516, 516-517, *lv denied* 98 NY2d 698). Likewise, even assuming, arguendo, that the confidential informant's probation violation constituted a "conviction" subject to disclosure under CPL 240.45 (1) (b), we conclude that defendant was fully apprised of this information in time for a meaningful opportunity to cross-examine the witness at trial (*see People v Clark*, 194 AD2d 868, 869, *lv denied* 82 NY2d 752).

Defendant's contention that pretrial conversations between the confidential informant and members of the Finger Lakes Drug Task Force constitute *Rosario* material is without merit. There is no indication that any of the conversations during those meetings were transcribed or recorded (*see People v Barnes*, 200 AD2d 751, 751, *lv denied* 83 NY2d 849), and thus the People had no disclosure obligation pursuant to CPL 240.45 (1) (a). Inasmuch as the People were not required to prove the quantity of the cocaine to sustain the conviction of the crimes charged (*see People v Kisenik*, 285 AD2d 829, 830-831, *lv denied* 97 NY2d 657), defendant's contention that the People's failure to produce the calibration records of the forensic lab requires reversal is without merit. Even assuming, arguendo, that the curriculum vitae of the People's forensic scientist constituted *Rosario* material, we conclude that defendant's contention in this regard is also without merit because he failed to establish that he was substantially prejudiced by the delay in obtaining that document prior to the commencement of trial (*see People v Gardner*, 26 AD3d 741, 741, *lv denied* 6 NY3d 848).

We also reject defendant's contention that the court erred in failing to conduct a *Wade/Rodriguez* hearing. It is well settled that "[a] *Wade* hearing is not required when the witness is so familiar with the defendant that there is little or no risk that police suggestion could lead to a misidentification" (*People v Carter*, 57 AD3d 1017, 1017-1018, *lv denied* 12 NY3d 781 [internal quotation marks omitted]). Here, the People established that the confidential informant had known defendant "for years" prior to the drug transactions at issue. Thus, the identification of defendant by the confidential informant from a single photograph was "merely confirmatory," and no hearing was required based on any issue of suggestiveness (*People v Furman*, 294 AD2d 848, 848, *lv denied* 98 NY2d 696; *see People v Rodriguez*, 79 NY2d

445, 449-450).  With respect to the in-court identification of defendant by a police witness, the People established that there was no pretrial identification procedure that would trigger the notice requirements of CPL 710.30 (*see People v Jackson*, 94 AD3d 1559, 1560, *lv denied* 19 NY3d 1026), and we thus reject defendant's contention that the court erred in allowing that witness to testify at trial based on the People's alleged failure to comply with CPL 710.30.

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that he was denied a fair trial based on that ruling (*see People v Riley*, 117 AD3d 1495, 1495-1496, *lv denied* 24 NY3d 1088).  In any event, we conclude in this nonjury trial that the court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Small*, 79 AD3d 1807, 1808, *lv denied* 16 NY3d 837; *see generally People v Hayes*, 97 NY2d 203, 207-208).  Contrary to defendant's further contention, the court's discretionary determination to deny recusal was not an abuse of discretion (*see People v Evans*, 118 AD3d 1476, 1476-1477).  We reject defendant's further contention that the court erred in permitting the People to adduce hearsay testimony from a police officer to connect defendant to the vehicle that was used in the drug transactions.  It is well settled that a court is presumed in a nonjury trial to have considered only competent evidence (*see People v LoMaglio*, 124 AD3d 1414, 1416, *lv denied* 25 NY3d 1203; *People v Sims*, 127 AD2d 805, 806, *lv denied* 70 NY2d 656).  In any event, we conclude that the testimony was properly introduced for the "nonhearsay purpose of completing the narrative of events and explaining police actions" (*People v Guerrero*, 22 AD3d 266, 266, *lv denied* 5 NY3d 882).

To the extent defendant contends that he was penalized by the court for exercising his right to a trial, defendant failed to preserve that contention for our review because he did not raise the issue at the time of sentencing (*see People v Coapman*, 90 AD3d 1681, 1683-1684, *lv denied* 18 NY3d 956).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court