# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1230**

**KA 11-00545**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAYMOND V. GAUSE, ALSO KNOWN AS RAYMOND VON GAUSE,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered January 20, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because County Court failed to advise him of all the rights he would be forfeiting upon pleading guilty (*see generally Boykin v Alabama*, 395 US 238, 243; *People v Tyrell*, 22 NY3d 359, 361). By failing to move to withdraw his plea or to vacate the judgment of conviction, however, defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *People v Landry*, ___ AD3d ___, ___ [Oct. 9, 2015]), and the "narrow exception" to the preservation rule does not apply here inasmuch as defendant did not say anything during the plea colloquy that cast significant doubt on his guilt, or otherwise called into question the voluntariness of his plea (*People v Lopez*, 71 NY2d 662, 666; *see Landry*, ___ AD3d at ___). As we recently noted, "[a]lthough the Court of Appeals in *Tyrell* vacated a guilty plea based on an unpreserved *Boykin*[] claim, the defendant in that case was sentenced immediately following his plea and thus did not have an opportunity to move to withdraw his plea" (*Landry*, ___ AD3d at ___; *see Tyrell*, 22 NY3d at 364). Here, in contrast, "defendant was sentenced more than [a] month[] after he entered his guilty plea[], thus affording him ample time to bring a

motion" (*Landry*, ___ AD3d at ___).