# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

559

KA 15-02114

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL J. TYO, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered May 5, 2014. The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]). Contrary to defendant's contention, we conclude that he knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256). Defendant's contention with respect to the factual sufficiency of the plea allocution is encompassed by the valid appeal waiver (*see People v Thousand*, 96 AD3d 1439, 1439-1440, *lv denied* 19 NY3d 1002).

We conclude that defendant's plea was knowing, voluntary, and intelligent notwithstanding his erratic behavior at a previous hearing. Nothing on the record of the plea proceeding indicates that defendant lacked the capacity to plead guilty (*see People v Hayes*, 39 AD3d 1173, 1175, *lv denied* 9 NY3d 923). We reject defendant's contention that the court sua sponte was required to conduct a hearing to assess his competency to proceed with the criminal action (*see* CPL 730.30 [2]). Defense counsel did not request a hearing, and the court was entitled to rely on its own observations and the reports of two

psychiatric examiners, both of whom found defendant competent (*see
People v Cipollina*, 94 AD3d 1549, 1549-1550, *lv denied* 19 NY3d 971).
Contrary to defendant's further contention, the record establishes
that he entered a valid waiver of indictment (*see People v Lugg*, 108
AD3d 1074, 1074-1075).

Defendant's contention that the court erred in failing to redact
his presentence report is not preserved for our review.  Although
defendant noted various alleged errors in the presentence report at
the time of sentencing, he did not move to redact the report or
request that the court conduct a hearing concerning its accuracy (*see
People v Jones*, 114 AD3d 1239, 1242, *lv denied* 23 NY3d 1038,
*reconsideration denied* 25 NY3d 1166; *People v Keiser*, 100 AD3d 927,
929, *lv denied* 20 NY3d 1062).  We decline to exercise our power to
review defendant's contention as a matter of discretion in the
interest of justice (*see* CPL 470.15 [3] [c]).

We reject defendant's additional contention that the court abused
its discretion in declining to order judicial diversion instead of
incarceration (*see People v Hines*, 132 AD3d 1385, 1385, *lv denied* 26
NY3d 1109).  The court properly considered the threat defendant posed
to the public and whether further treatment would likely be successful
(*see People v Landry*, 132 AD3d 1351, 1352, *lv denied* 26 NY3d 1089).

Finally, defendant's contention that the sentence is unduly harsh
and severe is not encompassed by his valid waiver of the right to
appeal inasmuch as the court enhanced defendant's sentence because of
postplea conduct and failed to advise defendant prior to his waiver
" 'of the potential period of incarceration that could be imposed' for
an enhanced sentence" (*see People v Huggins*, 45 AD3d 1380-1381, *lv
denied* 9 NY3d 1006; *cf. People v Jackson*, 34 AD3d 1318, *lv denied* 8
NY3d 923).  We conclude, however, that the sentence is not unduly
harsh or severe.

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court