People v Williams (2020 NY Slip Op 04272)





People v Williams


2020 NY Slip Op 04272


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


689 KA 14-00477

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDDIE D. WILLIAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 19, 2013. The judgment convicted defendant upon his plea of guilty of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05), defendant contends that his plea was not knowingly, intelligently, and voluntarily entered because Supreme Court failed to advise him of all the constitutional rights he would be forfeiting upon pleading guilty (see generally Boykin v Alabama, 395 US 238, 243 [1969]). Defendant failed to preserve that contention for our review, however, inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Johnson, 52 AD3d 1286, 1286 [4th Dept 2008], lv denied 11 NY3d 738 [2008]). Contrary to defendant's contention, the narrow exception to the preservation requirement does not apply under the circumstances of this case (cf. People v Tyrell, 22 NY3d 359, 364 [2013]; see generally People v Conceicao, 26 NY3d 375, 381-382 [2015]). Although the Court of Appeals in Tyrell vacated a guilty plea based on an unpreserved Boykin claim, the defendant in that case was sentenced immediately following his plea and thus did not have an opportunity to move to withdraw his plea (see Tyrell, 22 NY3d at 364; see also Conceicao, 26 NY3d at 382). Here, in contrast, defendant was sentenced more than one month after he entered his guilty plea, thus affording him ample time to bring a motion (see People v Landry, 132 AD3d 1351, 1352 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court