People v Chavis (2023 NY Slip Op 04079)

People v Chavis

2023 NY Slip Op 04079

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

581 KA 22-00361

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FLOYD I. CHAVIS, DEFENDANT-APPELLANT. 

MICHELLE B. SCHNEIDER, MANLIUS, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 14, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a weapon in the third degree (§ 265.02 [7]), and criminal possession of stolen property in the fourth degree (§ 165.45 [4]). Defendant's conviction stems from the recovery of heroin and a stolen assault rifle from a residence upon the execution of a search warrant.
We reject defendant's contention that County Court erred in summarily denying his challenge to the search warrant and in refusing to suppress the items seized on the ground that he lacked standing. "There is no legal basis for suppression and, hence, no need for a hearing, unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure" (People v Burton, 6 NY3d 584, 587 [2006]; see CPL 710.60 [3] [b]; People v Wesley, 73 NY2d 351, 357 [1989]). Defendant's motion papers did not contain sworn allegations that defendant had a legitimate expectation of privacy in the place searched, and thus he failed to demonstrate that he had standing to challenge the search warrant and the ensuing search of the residence (see People v Jones, 155 AD3d 1103, 1105 [3d Dept 2017], lv denied 30 NY3d 1106 [2018]; People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Shire, 77 AD3d 1358, 1359-1360 [4th Dept 2010], lv denied 15 NY3d 955 [2010]; see generally People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]).
We also reject defendant's contention that he was unduly prejudiced by the court's Molineux ruling. It is well settled that evidence of uncharged crimes may be admissible if it is relevant to demonstrate motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the defendant (see People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Molineux, 168 NY 264, 293-294 [1901]). The testimony regarding defendant's prior uncharged drug transactions from the residence was properly admitted in evidence to demonstrate defendant's dominion and control and knowing possession of the heroin and firearm recovered from the residence and his intent to sell (see People v Smith, 129 AD3d 1549, 1549 [4th Dept 2015], lv denied 26 NY3d 971 [2015]; People v Echavarria, 53 AD3d 859, 863 [3d Dept 2008], lv denied 11 NY3d 832 [2008]; see also People v Satiro, 72 NY2d 821, 822 [1988]). The testimony was also admissible " 'to complete the narrative of events leading up to the crime for which defendant [was] on trial' " (People v Ray, 63 AD3d 1705, 1706 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; see People v Parilla, 214 [*2]AD3d 1399, 1401-1402 [4th Dept 2023]). The court properly concluded that the probative value of the evidence outweighed its prejudicial effect (see Parilla, 214 AD3d at 1401-1402; Smith, 129 AD3d at 1549).
Defendant's contention that he was not given notice or an opportunity to be heard prior to the order compelling him to submit to a buccal swab is unpreserved for our review (see CPL 470.05 [2]; see generally People v Small, 79 AD3d 1807, 1809 [4th Dept 2010], lv denied 16 NY3d 837 [2011]). In any event, his contention is without merit inasmuch as the People's application for an order compelling defendant to submit to a buccal swab was made on notice to him, and he was afforded the opportunity to be heard (see People v Goldman, 35 NY3d 582, 594 [2020]; see generally Matter of Abe A., 56 NY2d 288, 296 [1982]; People v Smith, 95 AD3d 21, 25 [4th Dept 2012]).
Defendant's contention that he was denied effective assistance of counsel because defense counsel did not advise him of the possibility of participation in the judicial diversion program or inform him of the maximum sentence he was facing relies on matters outside the record and must therefore be raised by motion pursuant to CPL 440.10 (see People v Barber, 192 AD3d 1679, 1680 [4th Dept 2021], lv denied 37 NY3d 953 [2021]; People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]). With respect to defendant's remaining claim of ineffective assistance of counsel, defendant has failed to establish "the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]). The record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court