People v Coleman (2025 NY Slip Op 00542)

People v Coleman

2025 NY Slip Op 00542

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

678 KA 23-01284

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMERON COLEMAN, ALSO KNOWN AS CHASE, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered May 31, 2023. The judgment convicted defendant upon a plea of guilty of intimidating a witness in the third degree and attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of intimidating a witness in the third degree (Penal Law § 215.15 [1]) and attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). We affirm. Defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because County Court did not properly advise him of all the constitutional rights he would be forfeiting upon pleading guilty (see generally Boykin v Alabama, 395 US 238, 243 [1969]). Defendant failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Rodgers, 162 AD3d 1500, 1501 [4th Dept 2018], lv denied 32 NY3d 940 [2018]; People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Hampton, 142 AD3d 1305, 1306 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]). Contrary to defendant's contention, the narrow exception to the preservation requirement does not apply under the circumstances of this case (see People v Landry, 132 AD3d 1351, 1351-1352 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]; cf. People v Tyrell, 22 NY3d 359, 364 [2013]; see generally People v Conceicao, 26 NY3d 375, 381-382 [2015]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court